United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| JAMES W. MASSARO, | ) | 07-10169-NMG |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In September, 2011, defendant James Massaro ("Massaro") was sentenced to 105 months in prison and three years of supervised release for possessing a firearm and ammunition as a convicted felon, tampering with a witness and conspiring to tamper with a witness and to obstruct an official proceeding. He contends that he received ineffective assistance of counsel during sentencing and moves to reduce his sentence or, in the alternative, to remand the matter to this Court for a hearing and resentencing, all pursuant to 28 U.S.C. § 2255. For the reasons that follow, Massaro's motion will be denied.

**I.  Background**

In December, 2008, Massaro pled guilty to Counts One through Three of a superseding indictment charging him with possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1), tampering with a witness in

-1-

violation of 18 U.S.C. § 1512(b) and conspiring to tamper with a witness and obstruct an official proceeding in violation of 18 U.S.C. § 1512(k).  At sentencing, the Court classified his two prior Massachusetts convictions for assault and battery as predicate "violent felonies" for the purpose of imposing a mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to 180 months in prison followed by a three-year term of supervised release.  The First Circuit Court of Appeals vacated that sentence and remanded for further proceedings in light of United States v. Holloway, 630 F.3d 252 (1st Cir. 2011).  Holloway held that an assault and battery conviction could serve as a predicate violent offense for the purpose of imposing a mandatory minimum sentence under 18 U.S.C. § 924(e) only if the sentencing court could "ascertain that the defendant was convicted of the violent form of the offense." Id. at 262.

On remand, the Court held a status conference in June, 2011 at which it asked the probation officer to prepare a third addendum to the pre-sentence report and both parties to submit brief sentencing memoranda.

The addendum to the pre-sentence report proposed creating two count groups for the purposes of calculating a Guidelines range under U.S.S.G. § 3D1.2(b).  Count Group 1 included only the felon-in-possession charge (Count 1s) whereas Count Group 2

included both the witness tampering charge (Count 2s) and the conspiracy to tamper with a witness and obstruct justice charge (Count 3s). Grouping the counts in that manner resulted in a Total Offense Level of 22. The Probation Office calculated a Guideline Sentencing Range of 77 to 96 months based upon that offense level and a Criminal History Category of V.

The government did not file written objections to the grouping of counts or the recommended guidelines range within 14 days of receiving the addendum. Instead, in its August, 2011 sentencing memorandum, the government argued that all three counts should be grouped in a single count group under U.S.S.G. § 3D1.2(c) and the offense level increased by two levels pursuant to U.S.S.G. § 3C1.1 (obstruction of justice). The government's proposed grouping method resulted in a Total Offense Level of 23.

In his sentencing memorandum, Massaro agreed with the grouping of his offenses by the Probation Office and its conclusion that his Total Offense Level was 22. His counsel sought leave to file a memorandum challenging the government's method of grouping the offenses but that motion was denied as moot following the re-sentencing.

At the re-sentencing hearing, the Court agreed with the government that all three counts should be grouped for the purpose of calculating the Guidelines Range for Massaro's

sentence. It calculated a range of 84 to 105 months based upon a Total Offense Level of 23 and Criminal History Category of V and re-sentenced Massaro at the high end of that range to 105 months in custody. Massaro again appealed his sentence to the First Circuit, this time focusing upon the imposition of a four-level enhancement of his Total Offense Level pursuant to U.S.S.G. § 2K2.1(b)(6) (possession of a firearm in connection with the commission of another felony offense). The First Circuit affirmed in June, 2012 and its mandate issued in July, 2012.

In August, 2013, Massaro moved to reduce his sentence or, in the alternative, to remand the matter to this Court for a hearing and resentencing, all pursuant to 28 U.S.C. § 2255. Massaro claims that he received ineffective assistance of counsel because his attorney failed 1) to challenge the government's failure to file written objections to the grouping method in the addendum pre-sentence report within 14 days of receiving that addendum and 2) to argue that the grouping of counts in the initial pre-sentence report was "law of the case".

## II. **Analysis**

### A. **Legal Standard**

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the

Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented a claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Pleading constitutionally ineffective assistance of counsel suffices to show cause excusing a procedural default. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999).

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his representation by counsel 1) "fell below an objective standard of reasonableness" and 2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington,

466 U.S. 668, 687-88, 694 (1984). That test is difficult to satisfy. "[J]udicial scrutiny of counsel's performance must be highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

**B. Application**

**1. Procedure for Objecting to Pre-Sentence Report**

Massaro contends that he received ineffective assistance of counsel because his attorney failed to challenge the government's failure to file written objections to the grouping method in the addendum pre-sentence report within 14 days of receiving that addendum as required by Fed. R. Crim. P. 32(f)(1). He suggests that, had counsel objected to the government challenging the grouping method for the first time in its sentencing memorandum, counsel would have foreclosed the government from proposing an alternative method for grouping his counts that resulted in a higher Guidelines Range than the 77 to 96-month range proposed by the Probation Office.

That argument is unavailing. Even if it were objectively unreasonable not to object to the government's sentencing

memorandum as raising an untimely objection to the pre-sentence report, and the Court does not believe that it was, Massaro cannot show that his sentence would have been different had such an objection been made.  As an initial matter, this Court has the discretion to allow either party to make a new objection at any time before a sentence is imposed for good cause shown. See Fed. R. Crim. P. 32(i)(1)(D).  Defendant has not established any reason to believe that good cause was lacking in this case or that the Court would not have exercised its discretion to permit a late objection.

Moreover, defendant has not shown that he was in any way prejudiced by the late-filed objection.  The First Circuit Court of Appeals has explained that a defendant is not prejudiced by the government raising new objections after the 14-day window expires so long as he is afforded an adequate opportunity to respond. See, e.g., United States v. Soto-Beniquez, 356 F.3d 1, 52 (1st Cir. 2003).  Here, the government served its sentencing memorandum more than one week before the sentencing hearing. Defense counsel sought leave to file a memorandum in opposition that argued that the government's proposed grouping method was incorrect and raised those arguments at the sentencing hearing. Under the circumstances, counsel had a more than sufficient opportunity to challenge the grouping method proposed by the

government and the Court considered but was ultimately unpersuaded by his arguments.

Finally, even if defense counsel had objected to the government's grouping argument as untimely under Fed. R. Crim. P. 32(f)(1) and the Court sustained that objection, the Court was permitted to find and would have found that the U.S.S.G. § 3C1.1 obstruction enhancement applied to Massaro's offense conduct. As a result, Massaro has failed to prove that his sentence would have been lower but for the failure to object.

### 2. Law of the Case

Massaro also argues, to no avail, that his counsel rendered ineffective assistance by failing to argue that the grouping of offenses in the initial pre-sentence report was the law of the case. The law of the case doctrine holds that

> a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.

United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993).

That doctrine does not apply to Massaro's re-sentencing for two reasons. First, the Court does not understand the mandate of the First Circuit to preclude reconsideration of the grouping issue. The grouping method was not at issue at the initial sentencing because Massaro's Total Offense Level was determined

-8-

by the fact that he was a career criminal pursuant to 18 U.S.C. § 924(e). Sentencing Tr. at 21 (Dec. 17, 2009). Because the initial sentence rested entirely upon an erroneous application of that mandatory minimum and the First Circuit vacated and remanded in light of that error, the Court was not bound by the Total Offense Level calculations from the first sentencing when it re-sentenced Massaro. See United States v. Ticchiarelli, 171 F.3d 24, 30-33 (1st Cir. 1999) ("[Upon] a re-sentencing occasioned by a remand, unless the court of appeals has expressly directed otherwise, the district court may consider only such new arguments ... as are made newly relevant by the court of appeals' decision--whether by the reasoning or the result." (quoting United States v. Whren, 111 F.3d 956, 960 (D.C. Cir. 1997))); United States v. Atehortva, 69 F.3d 679, 685 (2d Cir. 1995) (collecting cases that stand for the proposition that district court may revisit the entire sentencing procedure on remand if not specifically restricted by the remand order).

Second, the fact that the government had no incentive to contest the issue at the initial sentencing weighs against finding that it waived the issue such that the initial grouping method became the law of the case. The First Circuit has held that a party does not waive an issue merely because it failed to raise it at the initial sentencing when there was no "sufficient incentive" to raise it at that time. Ticchiarelli, 171 F.3d at

-9-

32-33 (citing United States v. de la Cruz-Paulino, 61 F.3d 986, 994 n.5 (1st Cir. 1995)).

In summary, even if counsel had argued that the grouping method used to calculate the sentencing range at the initial sentence was the law of the case, the Court would not have found that it was so bound.

## ORDER

Based upon the foregoing, defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Docket No. 163) is **DENIED** and the petition is **DISMISSED**. The Court furthermore **DENIES** a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2). **So ordered.**

<pre>
                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge
Dated June 27, 2014
</pre>